EMIGDIO OSVALDO SELLÉS ROLDÁN ET AL., Plaintiffs and Appellees, v. SANTOS BUXÓ, Defendant and Appellant.

No. 7126. Argued April 2, 1937.—Decided May 7, 1937.

*González Fagundo & González, Jr.,* for appellant. *Burset & Pérez Pimentel* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

From the record herein it appears that on October 6, 1932, an action was brought in the District Court of Humacao by Emigdio Osvaldo Sellés Roldán and Pedro Villafañe Cuevas against Santos Buxó, for the cancellation of a mortgage; that after the summons was served on the defendant, the latter demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action, and the demurrer was overruled; that the defendant then answered denying each and every one of the averments of the complaint; and that on April 13, 1934, the court rendered the following judgment:

"On this day, April 13, 1934, this cause having been called for trial upon a previous setting thereof in the general calendar, the defendant appeared represented by his attorney Francisco González Fagundo, Esq., and the plaintiffs did not appear either personally or through counsel, notwithstanding that they were called by the marshal and that it appeared from the record that notice had been served on them. Counsel for the defendant moves the court to dismiss the case, and the court grants the motion of the defendant and accordingly renders judgment dismissing the action, with costs against said plaintiffs.

Then follows the proof of service of notice of the judgment and a motion to set aside the same, which was sustained

on May 22, 1934. Feeling aggrieved by that decision, the defendant appealed to this court. Such is the judgment roll certified on August 15, 1935, by the attorneys for the parties.

The transcript contains the evidence introduced upon the motion to set aside the judgment, to wit: the testimony of Villafañe for the plaintiffs and of Mariano Acevedo for the defendant; the record of the civil action No. 17415, *Santos Buxó, Jr.,* v. *Emigdio Osvaldo Sellés et al.,* and the affidavits of F. de la Torre and J. Ramírez Santibáñez.

██ The defendant-appellant in his brief maintains that the district court abused its discretion in setting aside the judgment which it had rendered in the case.

He argues that the evidence introduced fails to show the existence of any of the circumstances prescribed by section 140 of the Code of Civil Procedure to relieve a party from a judgment, and further that there was no *prima facie* showing that the plaintiffs had a good cause of action but rather the contrary.

The decision appealed from speaks for itself. It reads as follows:

"On reading the motion filed by the plaintiffs, wherein this court is requested to set aside the judgment of dismissal entered on motion of the defendant against the plaintiffs for their failure to appear at the trial of the case on its merits, which had been set by this court for April 13, 1934, and wherein the reinstatement of the case for further proceedings is also requested; and further, upon an examination of the evidence, both oral and documentary introduced by the parties, the court is of opinion that in furtherance of justice and in compliance with the provisions of section 140 of the Code of Civil Procedure in force, said motion should be sustained, and therefore this court, using its discretionary power and in view of the decisions in *Gutiérrez et al.* v. *Foix et al.,* 23 P.R.R. 68; *Merino* v. *N. Y. Fire Insurance Co.,* 33 P.R.R. 406; and *Cosme* v. *García,* 35 P.R.R. 923, hereby sets aside the judgment rendered on April 13, 1934, dismissing the complaint for failure of the plaintiffs to appear at the trial on said day, and reinstates the case to be heard anew as if such judgment had not been rendered."

In our opinion, there is no reason to conclude that the district court abused its discretion in setting aside its judgment.

According to the rules in force in the district courts of the Island, a calendar of the actions ready for trial is prepared for each term and there are held two callings thereof which are fixed for definite dates, notice being given to the attorneys in order that they may ask for the setting of their cases.

It seems that in the District Court of Humacao such practice is not followed, but that of a so-called permanent calendar, according to which the settings are made by the court without application by the parties, who are given notice of the day of the trial once the same has been set.

It appears from the testimony of Mariano Acevedo, clerk of the District Court of Humacao, that the calling of the calendar which contained this case was not notified to the attorneys through the press, and that, the setting having been made *ex officio,* he sent notice thereof to Attorney De la Torre but he was not the person who mailed said notice, nor could he testify as to whether the same was actually deposited in the post office. The plaintiffs personally did not know about the setting, and their attorneys Francisco de la Torre and José Ramírez Santibáñez state in their affidavits that notice thereof was never served on them.

In *Arce v. American Railroad Co.,* 38 P.R.R. 228, this court held, to quote from the syllabus, that:

"When a case is set for trial informally and a doubtful record is made thereof, a judgment by default should be set aside unconditionally. The imposition of costs under such circumstances would be an abuse of discretion."

And indeed everything here seems to indicate that neither the parties nor their attorneys had knowledge that their case had been set for trial. Their failure to appear cannot be ex-

plained otherwise, inasmuch as there is involved a claim of relative importance in which they have shown to have a great interest.

The case falls, therefore, within the letter and spirit of the provisions contained in the cited section 140 of the Code of Civil Procedure, which expressly authorizes the court to "relieve a party, or his legal representatives, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect ... " The exercise of such power in a liberal manner, with a view to insure the disposition of causes upon their substantial merits, has been consecrated by the decisions.

As regards the fact that it may appear from the evidence that the plaintiffs do not have a good cause of action, the brief statements of the appellant with respect to such assertion in his brief do not convince us.

The order appealed from must be affirmed.